Our first case for this morning is 4151006, The People of the State of Illinois v. Kevin Pettis. For the appellant, we have Mr. Zimmerman, and for the appellee, we have Ms. Shaver. You may proceed, counsel. Mr. Zimmerman May it please the court, counsel. Good morning, Your Honors. My name is John Zimmerman. I'm from the 4th District Appellate Prosecutor's Office, here on behalf of the state. In this case, the defendant was charged with the offenses of armed habitual criminal, aggravated unlawful possession of a firearm, and reckless discharge of a firearm. He was taken into custody on July 7, 2013. He did not postpone and remain in custody throughout the entirety of the case. One day after taking him into custody, the state filed a motion to compel the taking of his DNA. The trial court granted this motion on July 15, within a week. On August 1, 2013, the end of that month, or the beginning of the next, the state sent the DNA results to the Illinois State Police Lab in Springfield, Illinois. The following month, which would be 60 days of the defendant being in custody, the state had not yet received the DNA results from the lab. As a result, the state filed a 103-5C motion to request an additional 120 days for DNA evidence. The motion is located on page A-15 of the defendant's brief. It sets out various information, such as the facts I just recited, and ultimately, it was alleging that it exercised due diligence, and in fact, explicitly stated that. And at the hearing on September 9, the trial court found that there was due diligence that was exercised. And counsel, let me ask you a couple of questions regarding that motion. First of all, did the motion request 120 days, an additional 120 days? Yes, Your Honor. On the back, it says it awarded the state, would request an additional 120 days. And when the court ruled on that motion, did it in any way indicate that it was giving the state less than the 120 days? No, Your Honor. I believe later throughout the proceedings, somewhere in the record, the trial court even acknowledges that it granted the state 120 additional days, even though it ended up granting the defendant's motion to dismiss, which is what... Why we're here. Yes, exactly, Your Honor. So the state's position... Certainly, in retrospect, it's easy to see, but essentially, what we're talking about is in making these motions and trial courts granting them, was anyone ever specific as to how much time was requested or how much time, from the court's point of view, was specifically being granted? In this case, Your Honor? Yes. We have a motion for continuance to get DNA tests. Yes. So we have to go beyond the speedy trial statute. Okay, motion granted. Yes, the trial court could very well limit the number of days if it... But it didn't? It did not in this case.  The motion did request for 120 days. And so the state's position is that, based on the plain and unambiguous language in Section 103.5c, the trial court could have granted not more than 120 days. And as it did so here... But the court's thinking in granting this motion is, well, you could have pushed, or you could have... He didn't need the full amount, or what was its explanation? It just stated that the state's motion was granted after it made a finding of due diligence. I'm talking about afterwards, in granting the motion to dismiss, because it said you didn't need all that time, you could have done things more quickly. Is that what the trial court said? That is not what the record reflects, based on the state's... Well, correct me then. Why did the trial court grant... Why did the trial court grant the... The motion to dismiss. So the trial court granted the motion to dismiss, because even though it stated there were an additional 120 days, the state could not use those... It could draw from that bank? Yes. And the trial court stated all the time for DNA had run. Whereas, I don't... The state does not know where the trial court found that authority. Because the statute is clear, there's past cases that are clear. If the state has granted X amount of days, that time is tacked on to the initial... But we have something going on in the interim, don't we? Then the state filed a motion regarding a witness, correct? And so there was a request for a continuance based on that witness, even though that doesn't toll the speedy trial time. Yes. But the court just basically said there was no DNA time left, even though it did grant an additional 120 days. Do you concede that if they did receive an additional 120 days, they did not violate the speedy trial? The state's position is we did not violate the speedy trial, because instead of granting that motion to dismiss there, Yes, the state wished that below the state's attorney would have done a motion for a material witness, which would have increased the time. It's somewhat immaterial because it already had those additional 240 days. Additional 124 total days.  The issue is the trial court found at that motion to dismiss that only 163 days, or around that period of time, had passed. So the state's position is that it clearly erred when it granted the motion to dismiss prior to the 240 days. And the state does understand what Your Honor is doing. Instead of just granting that motion to dismiss, the trial court should have added those additional 14 days from the November 2nd proceeding until the November 6th proceeding, which was where that motion to continue that wasn't for DNA. What's the standard of review in this case? The standard of review for the trial court granting the abusive discretion, Your Honor. Well, the trial court granted the motion to dismiss, and this is the case, that's what you are appealing. What's our standard of review? It's abusive discretion, Your Honor. And the trial court clearly abused its discretion when the state had 240 days, but it granted the motion to dismiss when there were only 163 days out of those 240 days. I have a question, counsel. During those time periods where there was a motion pending and the court heard the motion and then decided the motion and then set the matter for a pretrial, that time between the ruling on the motion, like the Franks motion or the motion to suppress, that time between the ruling on a motion and then the court setting it for a pretrial, to whom is that time attributable? Do you have the specific days in front of you for that, Your Honor? Well, I mean, it doesn't really matter because, let's say the judge ruled on the Franks motion. Yes. Denied the Franks motion on Friday, and then set it for a pretrial, let's say, 20 days later. Yes. Parties not necessarily involved, not called in. That time between the Friday of the ruling and the pretrial 20 days later, those 20 days, to whom would that be attributable? The state's position in its brief is that it was attributable to defendant because I believe the main issue throughout a large portion of the time is that defendant had a motion to suppress that was pending. And then that was finally heard. And then the trial court then set it for further proceedings at a later date. And the state's position is that was a result of the defendant's motion, which caused that delay, which caused the trial court to then set it for further proceedings at a later date. And the state does admit that that is a contested issue within the briefs. But even if the state conceded that that time was attributable to them, that would still not get to the 240-day count. I asked about the standard of review because I confess I think that there's a little uncertainty about it. I note that you cite a decision of this court, People v. King, talking about it's an abuse of discretion standard. The defendant also cites King, but then says factual determinations made by the trial court against the manifest weight of the evidence and the statutory interpretation are reviewed to no most out of the People v. Lacey. Then there's the People v. Bonskis, 2nd District, 2010, where there's a 103-5 issue. Here the issue of whether the man was affected does not depend on the trial court's discretion. Instead, the question is whether the August 15, 2007, in-court statements by Bonskis Council put the state on notice of the demand as a matter of law. Accordingly, we review the issue of de novo. Then in 2009, the Illinois Supreme Court, in the Van Shortt case, which reversed this court, said in this case whether defendants' rights under Section 103-5B were contravened is a pure question of law, which this court reviews de novo. So, I'm very confused. Is this a mixed matter where we're to be deferential, as I think we always must be, to findings of fact, historical fact, so to speak, by the trial court, but we're free to draw our own conclusions from, like in a search-and-seizure context, whether the trial court believes hearing an emotion is suppressed, but then we don't have to be deferential to its ultimate legal conclusion? Is that how this works? The state's aware of the issues when it's a speedy trial and whether the trial court makes a finding as to how many days are attributable to whom and how that mixes with the emotion-to-suppress finding and standard review for that. The state would just say that when a trial court makes a finding of days attributable to one party, I feel like upon reviewing the record, normally it's pretty clear as to who it is attributable to, whether the defendant objects, whether he exercises his speedy trial right, and then when you're calculating the total number of days, if those days don't even get near, let's say here, the 240-day period, it was clearly error. So, whichever standard of review is applicable, then it can be reversed because it was clearly error, whether it's an abuse of discretion or against the manifest with evidence because it clearly was an abuse of discretion or against the manifest with evidence. Regarding the specific standard review for this case, as it was a motion to suppress, or a motion to dismiss for speedy trial violation, the state would say that it was an abuse of discretion standard error review. Does that answer your question, Your Honor? I suppose just to follow up on this, as someone who's been dealing with this for a long time and did this as a trial judge, I think there are some matters, there should be some flexibility in the trial court as it assesses what's going on here, who's asking for what, and was this really a delay, and so forth, which I think should be looked at deferentially. But on, for instance, how much time passed, this is, you know, what's the old line? Math is hard, but that's why we're lawyers and not engineers, but it seems to me this is nonetheless something that, I don't know, when you're adding up days, deference to abuse of discretion makes much sense. But I've taken up enough of your time. I apologize. Go ahead. Thank you, Your Honor. Just to reference Colson, the 4th District 2003 case, in Colson the state filed a 103-5C motion 87 days into the 120-day period. Here it was 60. In Colson the DNA results came back to the state in the 120-day limit on the 114th day. Here, although it was somewhat debatable as to the exact day, it was within that 100- to 120-day period. Following this, the state requested another continuance in Colson, and the record was unclear as to what it was for, and this somewhat addresses what Justice Holderwhite was getting to. But instead of dismissing it at the motion to dismiss, the trial court just held that those days were attributable to the state, and it was on that 135th day that the trial court denied this motion. And then in discussing due diligence, there's not really a statutory definition of it, and it's to be decided on a case-by-case basis. But this court stated that as long as there's not excessive delay in getting the DNA evidence materials to the lab, and the lab didn't excessively delay in getting them processed, then due diligence is satisfied. I know counsel made some arguments in her brief regarding due diligence. That's why I'm currently covering it. And this court further stated the grant of a Section 103-5C continuance extends the 120-day speedy trial term to a maximum of 240 days. And this is in Colson. The state brought a defendant to trial in 135 days within the 240-day limit. The state would ask this court to apply that exact same holding here. As there was only 163 days attributable to the state, it was within the 240-day limit and was error for the trial court to grant the motion to dismiss. Further, in People v. Lacey, the Supreme Court found that although it wasn't the DNA evidence, it was material evidence regarding 60 days for several witnesses, the Supreme Court found that that time gets tacked on to the initial 120 days. So as here, the state received 120 days. That should make it 240 days. Here, the state exercised due diligence, and the trial court granted it 120 days. As a result, the total number of days was 240, and the trial court clearly erred by granting the defendant's third motion to dismiss for speedy trial purposes, and the state requests this court to reverse the amendment for further proceedings. And if there's no further questions. Thank you, counsel. You'll have additional time on rebuttal if you so desire. Thank you, Your Honor. Ms. Shaver. Thank you. May it please the court. Good morning. On behalf of the Office of the State Appellate Defender, my name is Mariah Shaver, and I represent Mr. Kevin Pettis. When the General Assembly authored the Speedy Trial Act, it mandated that a defendant like Mr. Pettis, who remains in custody while his charges are pending, be brought to trial within 120 days. Legislature recognized that sometimes in a case where DNA is being tested, the state cannot meet the 120-day requirement due to the amount of time that DNA testing can take. Under those circumstances, the state can request a continuance of up to 120 additional days. Similarly, the state may seek up to 60 additional days to obtain other material evidence. However, these are exceptions to the 120-day rule, and they can only be granted after the state has exercised due diligence in obtaining the evidence that it seeks within that original 120 days. The statute does not allow for additional time simply because DNA has been tested at some point throughout the case, nor does the statutory language permit unused time that was initially granted for the explicit purpose of testing DNA to be used for some other purpose. What is the language in the statute that directs us that if the court grants the additional 120 days and the state ends up really not needing it, that that should be subtracted when calculating whether or not the 120 days is wrong? Your Honor, our position is that because the statute explicitly says that the continuance can be granted to obtain results of DNA testing, that the time granted is limited to obtaining the results of DNA testing. That's all the statute allows for. Is there any case that so holds explicitly, or would we be the first? Your Honor, I'm not familiar with a case that explicitly so holds. I believe this court would be the first. Well, as a matter of just statutory construction, following up on Justice Holder White's question, this is pretty important stuff. If that's what the legislature meant, why didn't they say it? Your Honor, because the statute does really narrowly limit what that time can be used for, I think the legislature probably thought that it was explicit. The time can be used to obtain the results of DNA testing. The statute doesn't say it can be used to the phrase that Judge Ladd used. For instance, the focus of the statute is on the moment the state files this request saying we need an extension, here's why. And the finding of due diligence is to be determined at that moment, is it not, by the trial court? I believe so, Your Honor. So the trial court determines, yeah, there's due diligence in this case, and the state's motion is well taken today, I'm going to grant it. What you're saying is, and apparently what the trial court agreed with, is but we need to have reviews on what's going on, when are you going to get the results, and if you get them sooner than the 120 days I've granted you, you have to let me know and we have to try this guy sooner. Isn't that essentially your position? Yes, Your Honor, that is our position, and I believe other courts have found that that's appropriate. In Colson, this court even found that the provision for DNA testing was not meant to provide an automatic continuance in every trial that involves DNA testing. Colson focused on the initial moment that I just described. Colson said nothing about after the motion is granted, we're going to have an ongoing review to see how much time he's going to need. Did he? No, Colson does not address that. I agree with you, Your Honor. And there's nothing in the statute that would preclude the trial court from basically saying I find due diligence and I'm going to give you at this point an additional 30 days or 45 days, and then we will come back with a further review and you can renew your motion or however they want to handle it. Is there anything that precludes the trial court from proceeding in that manner? No, Your Honor. In fact, that would be what I would propose would be the appropriate way to proceed. As Judge Ladd does mention to the State on September 24th when they ask for their second continuance and then a similar discussion on October 28th of 2015 when we come back after the remand, Judge Ladd does indicate on September 24th, so well before the 121st days have run, much less the second 120, that if the evidence came in, the defense would have an opportunity to be heard regarding it coming in. She's indicating to the State and both parties that she doesn't intend to give a blanket 240 days for them to be doing this. She's saying, yes, you may have additional time if you need it, but if it's not needed, we're going to be talking about that again. I think also on October 28th, she indicated that the State was not necessarily entitled to the full 240 days. That, again, puts the State on notice that it did not have 240 days just because it had tried DNA, which was back before the initial 120 days was over. So the October 28th discussion happened directly before we get to November 2nd where the State chose to try Mr. Williams instead of Mr. Pettis because it didn't seem to think that it had any kind of C.D. trial obligation toward Mr. Pettis. That was a mistake of the State, and I think Judge Ladd had made it clear to them in the prior court days before that they did not have just a blanket 240 days to prosecute Mr. Pettis. Do you agree that the motion the State filed requested an additional 120 days? Your Honor, that motion requested two things. It did request an additional 120 days, but it also requested that original September 9th motion, a continuance to September 24th, and that's what Judge Ladd explicitly granted on September 9th. She did not say on September 9th that she was explicitly granting them an additional 120 days to stack on the end. What she did grant was a continuance to September 24th. There is discussion later where she acknowledges that she did at that time intend to extend the statute, or to extend the C.D. trial term. So when she granted it initially, she granted their motion. Yes, Your Honor. Did she make any comment indicating that she was giving them less than the 120 additional days that they were requesting? She did not say either way, Your Honor. I'm sorry? She did not say either way. What did she say specifically? Your Honor, I didn't bring that transcript with me, but what she did say was that she was granting the motion to September 24th, that she was continuing it to that day. She said, I'm granting your motion, and that was part of the motion, the request for 120 additional days. It would be reasonable for the State to infer that that was being granted, but she did not make a record of, I'm giving you 240 days to try this case. That was also not said. And she did not make a record that I'm giving you less than that either. Correct, Your Honor. And, of course, the motion itself did request the 120. Yes, Your Honor. Okay. You heard my musings with Mr. Zimmerman about the standard review in this case. I was just going to go there, Your Honor. Do you have any thoughts on that or guidance to offer me? Your Honor, my thoughts are that, as Your Honor said, if we're talking about statutory interpretation, it is a de novo standard review. Our position is that this is an issue of statutory interpretation. We're looking at whether or not the language of the statute allows for any additional time for, as Judge Ladd put it, digesting the information. If the statute allows for those days to be used for those other two continuances granted in November of 2015 to try Mr. Williams and to get Ms. Russell that they're missing witness in. So our position is that this is an issue of statutory interpretation subject to de novo review because we're looking at whether or not the statute allows for the things that took place in this case. You cite in your brief the Fifth District decision, people versus battles, and the State points out that this Court rejected the battles analysis in the Colson case. The State's correct, isn't it? Your Honor, what this Court chose not to follow, the portion of battles this Court chose not to follow in Colson, was specifically limited to the delineated steps that the Fifth District requires to show due diligence. Isn't that essentially your argument here, that the Court should have, and in fact did require, the showing of the steps of due diligence beyond the granting of the initial motion? Your Honor, we're not asking this Court to adopt all of the specifics in battles. Our position is that the State in this case wasn't required under Colson to say, I spoke with John Smith at the lab, he told me this on this date, we expect these things to happen. Our position is that before coming in to extend this BD trial statute, because when it really was going to be going out was that October 22nd date, is that at that time it's not asking too much of the State to make one phone call or send one email to the lab, just asking for some sort of expectation of when the DNA might be done, before asking to actually go outside of the original 120 days. And that asking the State to do that would not be asking for battles to be adopted, and to go through all of those steps and all of the things that battles requires, is that at the minimum to show diligence to extend this BD trial term, one phone call, one email to the lab, when you're getting to the point that you're going to be outside of 120 days, is not asking for all of the battles asked, but that would be required to prove due diligence. Counsel, what are your thoughts on those dates that I was asking Mr. Zimmerman about, as far as between the ruling and then days that accrue between the ruling and the pretrial setting or status setting? Yes, Your Honor, our position on those days are that because the motion had been resolved on October 2nd, that's when Judge Ladd had made her ruling, that any time required to make the ruling, which is defense time up until that point in time it is, any time after that ruling was made is not attributable to the defense, because it's not time necessary to address a rule on the motion. So the days following that ruling, because the parties were not present, that was something that was done by a docket entry and a letter, that those days are attributable to the court and the state, because the parties were not there to say by agreement, to make their objections, and so that was on court time is our position. And if we find that the trial court did give the state an additional 120 days, then you concede that there would not have been a violation? Your Honor, our position is that 249 days attributable to the state have run, and so that they're still, even if they were given 240 days, that they still have violated Mr. Pettis' right to speedy trial by using 249 days. And Your Honor, our position is that even if the state was entitled to some additional time, we believe it was not, but even if this court finds that it was entitled to some additional time regarding the obtaining of DNA, which was what their request was for, was for additional time to obtain the DNA results, which were done on day 101, even if this court finds that it was entitled to some additional time, that time cannot possibly encompass the two continuances in November of 2015, the one where the state just chose to try a different case that did not have a speedy trial issue, after Mr. Pettis had sat in custody for over 800 actual days, I realize those are not attributable to the state, but he had been in custody for quite some time, in part due to the state's appeal, an initial appeal in this case, that can't possibly cover those days. And then when the state came in seeking for an additional continuance under 114-4 for the material witness that they did not have for her health reasons, the state could have asked for an extension of time under 103-5C for that, and it very likely would have been granted. They had the medical note and the things that they needed to prove. Mr. Clifton, I think, actually went out and was knocking on her door. I believe diligence could have been proved for that, but they didn't ask for it. It wasn't in their written motion. And I don't think the statute, which specifically says to obtain DNA, that that can possibly encompass a continuance for a material witness. It was the state's mistake not to ask for the additional time. They very well could have been granted those extra, I think it was 14 days, but they didn't ask for it. The state should only be permitted to obtain a continuance outside of the speedy trial term for DNA testing, where it has been unable to obtain those results within the original term, despite diligent efforts to do so, and then should only be permitted the amount of time necessary to obtain them. Being able to expand the speedy trial term to 240 days on Day 60 without showing there's a need to do that isn't within the spirit of the speedy trial statute. And for those reasons, the trial court did not abuse its discretion in concluding that Mr. Pettis' right to a speedy trial was violated. If there are no further questions? I don't see any. Thank you, counsel. We would ask this court to affirm the trial court's ruling. Thank you. Any rebuttal, Mr. Zimmerman? The state did look through the transcript attached to the defendant's brief, and this was that promotion to dismiss that was granted. Trial court found that the state was entitled to an addition to the time of 120 days, and this was where it kind of was discussing polling and that whole issue, which isn't really relevant. So it doesn't toll the 120 days. It's an additional 100 up to 120, and that's clearly set out in People v. Bonds. It simply adds to the available time by another 120 if that full amount is needed. That would be the maximum amount, not a guaranteed amount, to obtain those results. And then it stated the state exercised due diligence. They obtained the results within a timely frame for the full extension they were allowed. Basically, what the court just stated was exactly what 103.5c requires, that if due diligence is shown without success, that it can be granted no more than 120 days. Here the state showed that, and it should be entitled to the 120 days on top of the initial 120 days. Well, the issue, though, is, I mean, you agree that the DNA came back before that time. Yes. So the issue is, should you still get that even though you've got the DNA? Yes, Your Honor. Well, this is not a direct appeal regarding due diligence and whether that was error. This record shows that the trial court found due diligence four separate times, on the three motions and then retrospectively in the first motion to dismiss. And when you review whether due diligence is to be found, you review the record at the time of the motion and not retrospectively. So if you're going to say, yes, it came back within 120 days, obviously at the time when it was first granted and due diligence was found, that was unknown. That's the entire reason for the motion, because the state does not know whether there's going to be an issue in the legislature. But probably the reason for the statute was because they knew DNA testing took a substantial period of time. And the Supreme Court even held in Lacey that these specific periods of time, 120 for DNA, 60 for material evidence, they're sufficiently defined period of time to serve the purpose of implementing the constitutional right to a speedy trial. So the Supreme Court has held that these maximum period of times are constitutional and still preserve the defendant's right to trial, even if they're stacked on top of each other. And I believe Lacey even stood for the proposition that the state could keep stacking 60 days as long as it was not a ruse or the state was not attempting to obviously violate the defendant's rights. Now, just to discuss people versus battles, as Your Honor stated, this court explicitly rejected that case. But even so, if you look at the facts of that case, the state took 72 days to even decide whether to perform DNA testing. Here, the state acted expeditiously and within the first couple weeks had the DNA sent off to the lab. In battles, the state sent the sample to the wrong lab and had not yet sent the sample to the correct lab at the time of the hearing, which I'm not exactly sure of the date. I apologize. It never followed up with the lab. It never expedited the testing. And the court concluded that the state did not use Section 103.5c as a refuge from an approaching deadline, but as a vehicle to cure the time problem created by its lack of effort. Here, the state was using it as a refuge from the approaching deadline. It tried to be as expeditious as possible, and it did the best that it could. Regarding the speedy trial day period, throughout most of this time, there was a motion to suppress pending. There's clearly case law that says that that is attributable to the defendant. The fact that the defendant did not bring that to a hearing is not part of, is not the state's fault. And just one more thing. I believe, Your Honors, we're discussing the language of the statute. And there's no language in the subsection or the remaining text of the speedy trial statute that mandates the trial court, after granting a motion, to continue to monitor the state's conduct to ascertain whether the continuance should be shortened or revoked. And as the language from the state's point of view is clear and unambiguous, if the state shows due diligence and the trial court grants that motion, it should be granted the entire period of time that the state requests or the trial court limits it to. Here, that was 120 days, so it should be a total of 240 days. And the state, or the trial court clearly erred when it granted the defendant's motion to dismiss, when only 163 days were attributable to the state. And the state requests this court to reverse and remand for further proceedings. Thank you, Counsel. Thank you, Your Honor. We'll take this matter under advisement and be in recess until the next case.